UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEPHEN MICHAEL BISHOP,**

    **Plaintiff,**

v.                                        Case No. 8:20-cv-2302-VMC-AAS

**STEVEN MARK GORHAM**

    **Defendant.**
_____/

## ORDER

The defendant Steven Gorham moves for a Rule 35 examination of the plaintiff Stephen Bishop. (Doc. 20). Mr. Gorham noted Mr. Bishop objects to paragraph 8 of the proposed order Mr. Gorham provided.[1] (*Id.* at ¶ 9). Despite this noted objection, Mr. Bishop did not respond to Mr. Gorham's motion.

Rule 35(a) requires a party to file a motion demonstrating good cause and allows the court to enter an order for a physical or mental examination when a party's mental or physical condition "is in controversy." Fed. R. Civ. P. 35(a)(1). Here, Mr. Bishop sues Mr. Gorham for his alleged injuries from a car accident. (Doc. 1, Ex. 1). Mr. Bishop alleges permanent injuries to his neck and

---

[1] Despite Mr. Bishop's objection, the language of paragraph 8 in Mr. Gorham's proposed order is standard and previously approved by this court. *See Case v. Cincinnati Ins. Co.*, No. 8:16-cv-2250-T-33JSS, 2017 WL 7726699 (M.D. Fla. Apr. 13, 2017).

1

back. (*See id.*; Doc. 20, ¶ 2). Mr. Bishop's physical condition is therefore in controversy and good cause exists for Mr. Gorham's request for a physical examination of Mr. Bishop.

The motion must also contain "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). Mr. Gorham's motion contains the requisite criteria.

Thus, the following is **ORDERED**:

1. Mr. Gorham's motion to compel medical examination (Doc. 20) is **GRANTED**.

2. Mr. Bishop must appear at 402 West Dr. Martin Luther King Jr. Blvd., Tampa, Florida 33603 on Wednesday, March 31, 2021, at 10:15 a.m., for an examination by Dr. Robert Martinez.

3. The following conditions are to be observed by all parties involved:

    a. This examination is not a deposition so the examiner shall be limited to that information reasonably necessary to conduct the specialty-appropriate examination and evaluation of an individual, including a brief medical history as well as present complaints. The examination is to be limited to the specific medical or psychological conditions in controversy and unless modified by another court order,

    such examination will be the only exam for the specific condition(s) or issues in controversy (without limiting the possibility of multiple specialties). No invasive testing shall be performed without informed consent by the Mr. Bishop, or further Order of Court.

b. Mr. Bishop will not be required to complete any lengthy information forms upon arrival at the examiner's office. Mr. Bishop will furnish the doctor with his name, address, and date of birth. Questions pertaining to how Mr. Bishop was injured, and where and how Mr. Bishop sustained the injuries complained of, are permitted. Questions pertaining to "fault," when Mr. Bishop hired his attorney, who referred Mr. Bishop to any doctor, and what the Mr. Bishop told his attorney or any investigators are NOT permitted.

c. It shall be Mr. Gorham's attorney's responsibility to provide the examiner with all medical records, imaging studies, test results, and the like, which Mr. Gorham wants the examiner to review and rely upon as part of the examination. Unless he has exclusive control of any original records or imaging studies, Mr. Bishop shall not be required to bring anything

       to the exam other than valid identification (e.g., Driver's License, Official Florida Identification Card or government-issued Passport).

d. Mr. Bishop is permitted to have his attorney or representative present for the examination, provided that only one of these persons may attend. Such person(s) may unobtrusively observe the examination, unless the examiner or Mr. Gorham's counsel establishes a case specific reason why such person's presence would be disruptive, and that no other qualified individual in the area would be willing to conduct the examination with such person present.

e. Mr. Bishop's counsel may also send a court reporter or a videographer to the examination, provided that Mr. Bishop's counsel notifies Mr. Gorham's counsel at least 10 days in advance of the identity, either by proper name or by title (e.g., videographer from XYZ Reporting Service). It is the duty of Mr. Gorham's counsel to relay this information to the examiner's office personnel.

f. Neither Mr. Gorham's attorneys nor any of Mr. Gorham's representatives may attend or observe, record or video the

       exam. Only if the video is identified as impeachment material for use at trial may Mr. Gorham's counsel obtain a copy. The medical examiner shall not be entitled to any payment of an additional or accommodation fee from Mr. Bishop or his counsel, simply because of the presence of legally permitted third parties. The Court shall reserve ruling as to whether such costs, if imposed by an examiner, may be properly recoverable by Mr. Gorham as a taxable cost, or otherwise awarded by the Court.

g. If a videotape or digital recording is made of the examination by counsel for Mr. Bishop, it is considered work-product, and neither the defense nor the examiner is entitled to a copy, unless and until same is designated as (or reasonably expected to become) trial evidence, subject to discovery only upon a showing of need and undue hardship. Use of the video or DVD is limited specifically to the instant litigation. At the close of litigation, including any appeal, all copies shall be destroyed—unless counsel convinces the Court (and an order is entered) that there is some compelling reason for either party, or the examiner, to retain a copy.

h. Neither Mr. Bishop's counsel, nor anyone else that is permitted to be present, shall interject themselves into the examination unless the examiner seeks information not permitted by this Order. If Mr. Bishop's counsel speaks openly or confers privately with the Mr. Bishop, and this disrupts the exam or causes the examiner to terminate the examination, counsel may be subject to sanctions.

i. The report of the examiner shall be sent to Mr. Bishop's counsel within 30 days of the examination—but in no event less than 21 days before the beginning of trial, unless otherwise agreed between counsel for the parties or ordered by the court due to special problems. Unless Mr. Bishop's treating or retained expert has revised or supplemented an opinion after his/her report or deposition, the examiner shall not change, amend, or supplement the opinions set forth in said report during any testimony (deposition or trial) he may give in reference to his examination of Mr. Bishop, without providing a supplemental report, which must be provided to Mr. Bishop's counsel at least 15 days before trial. Violation of this provision may result in the limitation or striking of

      the examiner's testimony.

j. All protected health information generated or obtained by the examiner shall be kept in accordance with HIPAA requirements and shall not be disseminated by the examiner or Mr. Gorham's counsel to any other person or entity not a party to this case without a specific order from this Court.

k. Mr. Gorham's counsel must provide the examiner with a copy of this Order and explain the need for the examiner's compliance. As a condition of performing the examination, the examiner shall agree to provide responses to expert discovery as provided by the rules, once such interrogatories or Requests to Produce are propounded by Mr. Bishop.

**ENTERED** in Tampa, Florida on March 22, 2021.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge